UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY FLETCHER, | No. 1:22-cv-00443 GSA (PC) |
| Plaintiff, | ORDER AND FINDINGS AND RECOMMENDATIONS |
| v. | |
| UNITED STATES, et al., | ORDER RECOMMENDING MATTER BE DISMISSED FOR FAILURE TO PROSECUTE AND FOR FAILURE TO OBEY COURT ORDERS |
| Defendants. | |
| | PLAINTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff, a former federal inmate[1] proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (federal prisoner). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, the undersigned will recommend that this matter be dismissed for failure to prosecute and for failure to obey court orders. Plaintiff will have fourteen days to file objections to this order.

---

[1] On July 20, 2022, a notice of change of address filed by Plaintiff was docketed. ECF No. 7. The notice indicates that Plaintiff was released from the United States Penitentiary – Atwater on July 19, 2022. Id. In addition, the new address provided in the notice appears to be a residential one. Id.

1

I.   RELEVANT BACKGROUND

A.   Filing of Complaint

On April 15, 2022, Plaintiff's complaint and his application to proceed in forma pauperis and six-month prison trust fund account statement were docketed. ECF Nos. 1, 2. The same day, the Court granted Plaintiff's application to proceed in forma pauperis. ECF No. 4.

Approximately three months later, on July 20, 2022, a notice of change of address filed by Plaintiff was docketed. ECF No. 7. The notice indicates that Plaintiff was released from federal prison on July 19, 2022. Id.

B.   Orders Directing Plaintiff to File Notice of Current Address and Non-Prisoner In Forma Pauperis Application

On July 29, 2024, because a significant amount of time had passed since Plaintiff's complaint had been filed, the undersigned ordered Plaintiff to file a notice of current address. ECF No. 9. Plaintiff was given seven days to file the notice. Id. About two and a half months later, consistent with his non-prisoner status, Plaintiff was also ordered to file a non-prisoner application to proceed in forma pauperis. ECF No. 10. He was given twenty-one days to comply with the order. Id. at 2.

C.   Order Directing Plaintiff to Show Cause

Plaintiff failed to respond to either of the Court's orders, nor did he request extensions of time to do so. As a result, on December 13, 2024, Plaintiff was ordered to show cause why this matter should not be dismissed for failure to obey court orders. ECF No. 11. As an alternative to filing the showing of cause, Plaintiff was given the option of filing the notice of current address and the non-prisoner in forma pauperis application as he had been previously ordered to do. Id. at 2. He was given thirty days to comply with this order. Id.

More than thirty days have passed and Plaintiff has not responded to the Court's order to show cause, nor has he requested an extension of time to do so. Since Plaintiff filed his notice of change of address in July of 2022, which informed the Court that he has been released from prison, Plaintiff has not interacted with the Court, nor has he attempted to move this case forward.

II. APPLICABLE LAW

    A. Local Rule 183(b) and Law Related to Non-Prisoner In Forma Pauperis Status

Local Rule 183(b) governs changes of address. It states that individuals who are representing themselves must keep the Court and opposing parties apprised of his/her current address. See id.

Additionally, an individuals in forma pauperis status may continue upon satisfying the poverty provisions applicable to non-prisoners. DeBlasio v. Gilmore, 315 F.3d 396, 399 (4th Cir. 2003) (citation omitted). As a result, upon release from prison, a former inmate must file an updated in forma pauperis application if he wishes to continue with in forma pauperis status. See Adler v. Gonzalez, No. 1:11-cv-1915-LJO-MJS (PC), 2015 WL 4041772, at *2 (E.D. Cal. July 1, 2015), report and reco. adopted, 2015 WL 4668668 (E.D. Cal. Aug. 6, 2015) (stating updated in forma pauperis application required if plaintiff wishes to continue with in forma pauperis status); Webb v. Lambert, No. CV 12-00041-H-DLC, 2012 WL 5931889, at *1 (D. Mont. Aug. 29, 2012) (citing DeBlasio, 315 F.3d at 399).

Whether pauper status is available to a released prisoner is a decision to be made by the district court. In re Prison Litigation Reform Act, 105 F.3d 1131, 1139 (6th Cir. 1997). Furthermore, the obligation to pay the remainder of the fees is determined solely on the question of whether the released person qualifies for pauper status. Id. For these reasons, when a person is released from prison, the filing of a non-prisoner application to proceed in forma pauperis is important.

    B. Federal Rule of Civil Procedure 41(b) and Local Rule 110

Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails to prosecute or he fails to comply with a court order. See Fed. R. Civ. P. 41(b). Local Rule 110 also permits the imposition of sanctions when a party fails to comply with a court order. L.R. 110.

    C. Malone Factors

The Ninth Circuit has clearly identified the factors to consider when dismissing a case for failure to comply with a court order. It writes:

3

> A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

### III. DISCUSSION

#### A. Rule 41(b) and Local Rule 110 Support Dismissal of This Case

Because Plaintiff has failed to file a notice of current address and a non-prisoner in forma pauperis application, and has also failed to respond to the Court's order to show cause, this warrants dismissal of this matter in accord with Rule 41(b). See Fed. R. Civ. P. 41(b) (permitting dismissal of action for failure to prosecute or failure to obey court order). This repeated inaction on Plaintiff's part also warrants the imposition of sanctions in the form of dismissal of this case, consistent with Local Rule 110. See L.R. 110 (permitting sanctions for failure to comply with Local Rules or order of the Court).

#### B. Application of Malone Factors Supports the Dismissal of This Case

##### 1. Expeditious Resolution of Litigation; Court's Need to Manage Its Docket

Plaintiff has been given more than ample time to file a notice of change of address and a non-prisoner in forma pauperis application, as well as to respond to the Court's order to show cause. Yet, he has failed to do any of these things, nor has he contacted the Court either to request an extension of time do so or to provide exceptional reasons for not having done so.

The Eastern District Court has an unusually large caseload.[2] "[T]he goal of fairly

---

[2] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

4

dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of frivolous and repetitious requests." Whitaker v. Superior Court of San Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted).  Thus, it follows that keeping this case on the Court's docket when: (1) Plaintiff has failed to respond to court orders, and (2) that he clearly has no interest in prosecuting it in a timely manner, is not a good use of the Court's already taxed resources.  Additionally, in fairness to the many other litigants who currently have cases before the Court, no additional time should be spent on this matter.

### 2. Risk of Prejudice to Defendants

Furthermore, because Defendants have yet to be served with a viable complaint in this case,[3] and, as a result, have not put time and effort into defending against it, there will be no prejudice to them if the matter is dismissed.  On the contrary, dismissal will benefit Defendants because they will not have to defend themselves against any later-determined viable claims in Plaintiff's complaint.

### 3. Availability of Less Drastic Sanctions; Favored Disposition of Cases on Merits

Finally, given that Plaintiff has allowed this case to languish on the Court's docket for over seven months since the Court directed him to file a notice of current address, there is no less drastic option than dismissal.  Given Plaintiff's repeated failure to comply with the orders the Court has issued since Plaintiff filed his July 2022 notice of release and notice of change of address, any continued attempts to engage Plaintiff to move this case forward and prosecute it would clearly be futile.  In sum, because of Plaintiff's clear, long-term disengagement with this case, as demonstrated by his complete disregard for the Court's orders, it is clear that this matter cannot be prosecuted, nor can it be disposed of on its merits.

## IV. CONCLUSION

For these reasons, consistent with federal case law, Federal Rule of Civil Procedure 41(b), and Local Rule 110, and having considered the Malone factors, the undersigned recommends that

---

[3] Despite this fact, the Court notes for the record that the Bureau of Prisons Regional Counsel is listed on the docket as representing the named Defendants. See generally case caption of docket.

this matter be dismissed without prejudice for failure to prosecute and for failure to obey court orders. Plaintiff shall be given fourteen days to file objections to this order.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this matter.

IT IS FURTHER RECOMMENDED that this matter be DISMISSED without prejudice for failure to prosecute and for failure to obey court orders. See Fed. R. Civ. P 41(b); Local Rule 110.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

The Court will not consider exhibits attached to the objections. To the extent that a party wishes to refer to any exhibit, when possible, the party must reference the exhibit in the record by its CM/ECF document and page number or reference the exhibit with specificity. Any pages filed in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations. A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal. See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 11, 2025**          /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE